(624 P.2d 473)
No. 51,301

FRANK F. ECKDALL, II, *Appellant,* v. GLADYS NEGLEY, *Appellee.*

Opinion filed March 6, 1981.

*Jay Thomas,* of Barnett & Lerner, Chartered, of Kansas City, for appellant.

*Fred N. Six,* of Barber, Emerson, Six, Springer & Zinn, of Lawrence, for appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is a personal injury action that arose out of a motorcycle-automobile collision. Plaintiff presents two issues for determination. He argues that the trial court committed reversible error in giving an instruction that plaintiff had a duty to drive at an appropriate reduced speed when approaching and crossing an intersection, and further erred in excluding from evidence one of plaintiff's hospital bills.

The determinative facts are not complex. The accident occurred in the intersection of Ninth and Ohio Streets, Lawrence, Kansas. The plaintiff, operating a motorcycle, was proceeding east on the inside lane of Ninth Street. Ninth Street is a four-lane, through street. The defendant, Gladys Negley, was proceeding north on Ohio Street. Defendant either stopped or made a "rolling stop" in response to a stop sign controlling northbound traffic on Ohio prior to entering the intersection. Defendant did not see plaintiff before the impact. Plaintiff filed suit for injuries sustained in the accident. The jury found plaintiff to have been 45 percent negli-

gent and defendant 55 percent negligent in causing the collision. The damage award was reduced accordingly.

We conclude that plaintiff's complaint that the trial court erred in excluding a hospital bill must fail for a number of reasons. Prior to trial, plaintiff announced he was not making a claim for any medical expenses paid by Social and Rehabilitation Services, and defendant had a right to rely on that representation. The only reference in the record to the hospital bill is that it was identified by plaintiff's father. Plaintiff's counsel then inquired whether a stated portion of that was paid by "S.R.S." and the witness stated he did not know how to answer that. The trial judge refused to admit the bill. The record does not reflect that a proffer of proof was made. The hospital bill was not retained by the court. It remained in the files of plaintiff's counsel. Plaintiff filed a reply brief and inserted a copy of the five-page hospital bill in the appendix. The first page of the bill is marked as the exhibit in question. Defendant maintains that only the first page of the hospital bill was offered into evidence. Plaintiff includes in the appendix to his reply brief an affidavit of his father's that all five pages were offered into evidence. The exhibit was never made a part of the record in this case and still is not a part of the record. We must conclude that as to the issue plaintiff has failed to make, preserve and present a record that would permit meaningful review. Accordingly, he must fail on this issue.

The second issue is whether or not the trial judge erred in giving the following instruction to the jury:

"The laws of Kansas provide that no person shall drive a vehicle at a speed greater than is reasonable under the conditions and hazards then existing.

"At the time and place and with the vehicle involved in this case, any speed in excess of 30 miles per hour was unlawful.

"In addition the law provides that the driver of every vehicle *shall drive at an appropriate reduced speed* when approaching and crossing an intersection." (Emphasis supplied.)

Plaintiff contends that the part of the instruction requiring a driver to reduce the speed of his vehicle as it approaches and crosses an intersection is now and was at the time of the accident an incorrect statement of the law.

The above instruction is the one recommended in PIK Civ. 2d 8.12(c) (1977). The record conclusively shows that the trial judge and the defendant were relying on the recommended instruction in PIK, a reliance that is normally well placed. We are of the

opinion in this instance, however, that the recommended instruction is in error due to what we perceive to be a significant change in the statutory language from that on which the PIK instruction was based.

The original PIK instruction was based on K.S.A. 8-532(*c*) (Corrick, 1964), which used the language that a driver shall "drive at an appropriate reduced speed when approaching and crossing an intersection"; 8-532(*c*) was modeled after section 11-801(*c*) of the Uniform Vehicle Code, which was amended in 1968 to read:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person *shall drive at a safe and appropriate speed when approaching and crossing* an intersection . . . ." (Emphasis supplied.)

The reason for the amendment is explained in a historical note to § 11-801:

"Material formerly in subsection (*c*) was amended to require a 'safe and appropriate' speed, rather than an 'appropriate reduced' speed when encountering certain hazards, essentially because a driver's rate of speed can be safe and appropriate without necessarily being reduced and because it is not always necessary to reduce speed at the places specified. Of course, the 1968 Code would continue to require a reduced speed whenever reasonably necessary for safe operation." Traffic Laws Anno. § 11-801, p. 533 (1972).

In 1974, Kansas adopted the amended Uniform Vehicle Code provision (§ 11-801) by repealing K.S.A. 8-532 (L. 1974, ch. 33, § 8-2205) and replacing it with K.S.A. 8-1557. The Kansas legislature subsequently suspended the operation of K.S.A. 8-1557 until the United States Congress "shall remove all restrictions on maximum speed limits" (K.S.A. 8-1340), but enacted an identical provision to be effective during the time 8-1557 is suspended (K.S.A. 8-1335). Thus, on the date of the accident in this case, the duty of a driver approaching and crossing an intersection in Kansas was and is now controlled by K.S.A. 8-1335, which reads:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual hazards then existing. Consistent with the foregoing, every person *shall drive at a safe and appropriate speed when approaching and crossing* an intersection . . . ." (Emphasis supplied.)

We have no difficulty concluding that by changing the statutory language the legislature intended to change and clarify the duty

imposed on a driver approaching or crossing an intersection. The word "shall" as used in the instruction imposes a much higher duty on a driver than is required under K.S.A. 8-1335. We thus conclude that the instruction given was erroneous in that it should have stated that a person operating a vehicle shall drive at a safe and appropriate speed when approaching and crossing an intersection, not at an appropriate *reduced* speed. Defendant suggests that the instruction is justified based on the evidence in the case. We disagree. The extent of plaintiff's negligence, if any, is a fact question, and the evidence does not justify an instruction that plaintiff had an absolute duty to reduce his speed merely because he was approaching or crossing an intersection.

The question remains, however, whether the giving of the erroneous instruction amounts to reversible error. Defendant contends that plaintiff's counsel failed to make a specific objection to the instruction as required by K.S.A. 60-251(*b*), and therefore the instruction is reviewable here only if it is found to be clearly erroneous. Defendant contends that the instruction is not clearly erroneous. We need not pass on the question of the adequacy of the objection's specificity here, however, as we are convinced that the instruction is clearly erroneous.

An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred, there is a real possibility the jury would have returned a different verdict. *Coleman v. Brotherhood State Bank,* 3 Kan. App. 2d 162, 166, 592 P.2d 103 (1979). Plaintiff testified that he was traveling at a speed of 30 mph while approaching the intersection; that defendant's car entered the intersection when plaintiff was approximately a quarter of a block away, at which time he began braking. Based on this evidence, it is likely the jury could have looked at the instruction and found plaintiff negligent by his failure to reduce his speed as he approached the intersection, regardless of what he observed or should have observed. Plaintiff was entitled to assume defendant would obey the law until he knew or should have known that she was not going to do so. Although other vehicles were using the street, the record does not indicate that any of those vehicles presented a hazard or were being operated in a manner that would cause a reasonable person to reduce the speed of his or her vehicle. The outdated instruction given here almost certainly caused the jury to apportion a larger

share of causal fault to plaintiff, and we believe it to be clearly erroneous and reversible error.

Since we find no error as to damages, that portion of the judgment is affirmed. *Lutz v. Peine,* 209 Kan. 559, 498 P.2d 60 (1972); *Johnson v. Meade,* 1 Kan. App. 2d 254, 261, 563 P.2d 522 (1977); *Scheuler v. Aamco Transmissions, Inc.,* 1 Kan. App. 2d 525, 531, 571 P.2d 48 (1977); 5 Am. Jur. 2d, Appeal & Error § 965. The question of apportionment of fault is reversed, and the case is remanded to the trial court for a new trial limited to the question of apportionment of fault. The trial court shall then apply the percentage of fault found by the trier of fact to the amount of damages affirmed in this case and enter judgment accordingly.

Affirmed in part, reversed in part and remanded with directions.